# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAGOBERTO RODRIGUEZ, | 1:10-cv-00360 GSA |
| Plaintiff, | **ORDER DISMISSING ACTION FOR A FAILURE TO FOLLOW COURT ORDER** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**PROCEDURAL BACKGROUND**

On February 25, 2010, Plaintiff Dagoberto Rodriguez filed the present action in this Court. Plaintiff seeks review of the Commissioner's denial of an application for benefits. (Doc. 1.) On March 1, 2010, the Court issued a Scheduling Order.[1] (Doc. 6). On October 21, 2010, Plaintiff's counsel, Marc V. Kalagian, moved to withdraw as Plaintiff's attorney of record. (Doc. 12.) On December 3, 2010, Plaintiff[2] and Mr. Kalagian, as well as counsel for the Commissioner, Daniel Talbert, appeared for the hearing on the motion to withdraw. On that same date, after considering

---

[1] Originally, pursuant to this Order, Plaintiff's opening brief was due on or before October 25, 2010, following lodging of the administrative record by the Commissioner.

[2] Plaintiff was accompanied by his wife for purposes of Spanish language interpretive assistance.

1

the arguments and statements of both Plaintiff and Mr. Kalagian, the Court issued its Order Granting Counsel's Motion to Withdraw as Attorney of Record, and Order Extending Deadlines. (Doc. 17.) The Order specifically provided, in pertinent part: "Plaintiff's opening brief shall be submitted to Defendant on or before March 3, 2011." (Doc. 17 at 3:17-18.) Further, Plaintiff was expressly warned that he was responsible for complying with all Court rules and that a failure "to comply with an Order of this Court . . . could result in a complete dismissal of the action." (Doc. 17 at 3:21-22.)

Thereafter, at a status conference held February 1, 2011, Plaintiff informed the Court that he had been unable to hire another attorney to represent him in these proceedings. Thereafter, the Court modified the briefing schedule to allow Plaintiff until April 1, 2011, to file his opening brief. Again, Plaintiff was expressly warned that a failure to file his opening brief "will result in dismissal of this action." (*See* Doc. 18 [minutes 2/1/11]). Plaintiff failed to file an opening brief as directed.

On April 5, 2011, this Court issued an Order to Show Cause. (Doc. 20.) More particularly, Plaintiff was ordered to show cause why his case should not be dismissed for his failure to file an opening brief. Additionally, Plaintiff was ordered to personally appear at the hearing set for April 26, 2011. (Doc. 20 at 2.)

A hearing on the Order to Show Cause was held April 26, 2011, at 10:30 a.m. in Courtroom 10. Plaintiff failed to appear. Although Plaintiff telephoned[3] the court on that date to advise that he had transportation issues and had been unable to find an attorney to represent him in this matter, the Court finds this insufficient to excuse his appearance.[4]

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel *or of a party* to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." (Emphasis added.) District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions

---

[3] Interestingly, while Plaintiff had previously represented to the Court that he required the assistance of an interpreter in the Spanish language, the courtroom deputy noted that Plaintiff had no difficulty whatsoever with the English language during the telephone conversation.

[4] Plaintiff had been previously advised that requests must be made in writing and filed with the Clerk's Office. (*See* Staff Note 1/27/11.)

including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g*. *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since February 10, 2010, and there is no indication that Plaintiff intends to prosecute this action. More specifically, 440 days have elapsed since the complaint was originally filed in this action. Pursuant to the scheduling order, an opening brief was originally due on October 25, 2010. Since that date, more than 180 days have elapsed, and yet no brief has been filed. The third factor, risk of prejudice, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at

1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. This Court has *repeatedly* warned Plaintiff as follows:

    1.    On December 3, 2010, in the Order Granting Counsel's Motion to Withdraw as Attorney of Record and Order Extending Deadlines, Plaintiff was advised that:

> ". . . he is responsible for complying with all Court rules and applicable laws. If Plaintiff fails to do so, or fails to comply with an Order of this Court, those actions may adversely affect this case and could result in a complete dismissal of the action." (Doc. 17 at 3.)

    2.    At the status conference of February 1, 2011, Plaintiff was expressly advised by this Court that a failure to file an opening brief "will result in dismissal of this action." (Doc. 18 [minutes].)

    3.    In the Order to Show Cause dated April 5, 2011, this Court expressly warned Plaintiff as follows:

> "**Failure to attend the hearing on this Order to Show cause will result in the dismissal of this action.**" (Doc. 20 at 2, emphasis in original.

Thus, Plaintiff has had more than adequate warning that dismissal would result from noncompliance with this Court's orders and/or for a failure to file an opening brief, as well as for a failure to attend the hearing on the Order to Show Cause. Despite these repeated warnings, Plaintiff continued to ignore the orders of the Court and has failed to comply with this Court's rules.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that this action be DISMISSED for Plaintiff's failure to comply with Court orders and for a failure to prosecute the action. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 27, 2011**          **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE